The Honorable Mike Kenney State Representative 2109 West Tulsa Street Siloam Springs, Arkansas 72761
Dear Representative Kenney:
I am writing in response to your request for my opinion on the following matter:
 The city of Siloam Springs recently leased a vacant portion of a privately owned building for use as a public library. The lease was negotiated at "arm's length," and, prior to the city's approval of the lease terms, a professional appraiser hired by the city determined that the rental rate was "reasonable."
 Is it lawful for the city to make improvements to the building (e.g. provide ADA-required accessibility, relocate and install room dividers, customize HVAC), which do not increase the building's footprint or floor space, and are necessary for the city's public library use, and, where any resulting increase in the property's value will be dependent upon wear-and-tear occurring during the city's 10 year lease and upon the nature of the subsequent use of the building?
RESPONSE
In essence, you are asking whether public funds may be expended to improve a private building being occupied by the city. I believe that, if the situation is as you describe it in your request for my opinion, it is lawful for the city to make the improvements noted. I caution you, however, that this office is neither equipped nor authorized to make fact-finding decisions and that this situation would require intensive fact-finding and analysis for a definitive answer. The City should work with its city attorney to make relevant decisions regarding the property.
Attached to your request for my opinion are three documents. The first is a letter from the city attorney for Siloam Springs supporting the legality of the actions. He concludes that the action is legal and that it is a reasonable expenditure of public money when taking into account both the rental rate negotiated and the improvements required. The second two documents are copies of two letters sent to the City of Siloam Springs from the above-mentioned professional appraiser stating, in his belief, that the rental rate negotiated by the city is "reasonable."
It is a well recognized principle of constitutional law that public funds may not be expended for a private purpose. Chandler v. Board ofTrustees, 236 Ark. 256, 258, 365 S.W.2d 447 (1963). In fact, the public funds must be expended for a primarily public purpose, or the individuals who have been taxed to create the public funds must be the direct beneficiaries of the expenditure of those funds. Chandler,236 Ark. at 259. In Chandler, the Arkansas Supreme Court held that it was illegal to use tax proceeds to pay the retirement benefits of employees of the Arkansas Education Association because the primary beneficiaries of the expenditure of funds were the private retirees. Id. See also
Ops. Att'y Gen. 2004-144 (listing other Arkansas cases supporting the holding of Chandler, 236 Ark.); and 2003-013.
In this situation, you indicate that the city has decided to expand or create a public library. A public library is clearly for a public purpose. The expenditure of public funds to create a library does directly benefit the people of Siloam Springs. The twist is that the city is leasing a private building to house the library. The funds expended in this manner must be a reasonable amount. Cf. e.g. Op. Miss. Att'y Gen. 1999-0511 (stating that, "the city may lease property for a municipal purpose, such as a library, but the governing authorities may only spend funds on improvements which are commensurate with the value and term of the lease"). If the amount expended were unreasonable, even if the improvements were "necessary," then the excess expenditure might be challenged as an illegal exaction in violation of Ark. Const. art. 16, §13. Assuming that the combination of rent and the cost of these improvements are reasonable, then the action you propose should be legal. See, e.g., Op. Att'y Gen. 93-343 (stating that "[a]n authorized use for a public purpose is not, however, invalid even though it involves an incidental private benefit.") (citing 64 C.J.S. MunicipalCorporations § 1725 (1950)). The funds, while being spent to improve a private building, are being used to facilitate the functioning of a public library. Whether the total amount expended is reasonable is a question that I cannot definitively answer. This is a fact intensive inquiry, seee.g. Op. Att'y Gen. 2004-144, that can only be determined by the judiciary.
As you have described the situation, however, and assuming that the total expenditures are, in fact, reasonable, in my opinion the proposed expenditures would in all likelihood be legal.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh